UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BULK TRANSPORT CORP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:21CV399-PPS/JPK |
| | ) | |
| TEAMSTERS UNION NO. 142 PENSION | ) | |
| FUND and TRUSTEES OF THE | ) | |
| TEAMSTERS UNION NO. 142 | ) | |
| PENSION FUND, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On March 8, 2023, I issued an opinion granting summary judgment in favor of the Teamsters Union No. 142 Pension Fund and its trustees. The opinion affirms an arbitrator's ruling that Bulk Transport Corp is liable to the Fund for over $2 million in withdrawal liability assessments because, by its conduct, Bulk adopted a collective bargaining agreement addendum as applicable to particular work. [DE 38 at 19.] Bulk has filed a notice of appeal. [DE 42.] Now before me is the Teamsters' motion for attorney's fees and costs. The motion will be denied because, exercising the discretion that is afforded to me in this context, I find the position Bulk took in this case, while not meritorious, was nevertheless substantially justified.

### Attorney's Fees

This action seeking to vacate the arbitrator's award was brought under 29 U.S.C. §1401(b)(2). An award of costs or expenses is authorized by §1451(e): "In any action under this section, the court may award all or a portion of the costs and expenses

incurred in connection with such action, including reasonable attorney's fees, to the prevailing party." Whether to award attorney's fees under this provision is committed to my discretion. *Laborers' Pension Fund v. W.R. Weis Company, Inc.*, 879 F.3d 760, 768 (7th Cir. 2018). There is a presumption in favor of a fee award "when the losing side in arbitration asks a judge to disagree with the award." *Certco, Inc. v. Int'l Bhd. of Teamsters, Local Union No. 695*, 722 F.3d 1097, 1100 (7th Cir. 2013). As the Seventh Circuit explains, "[t]his is so because 'the parties have agreed to resolve their dispute in one forum, and the costs of moving the dispute to a second forum should be borne by the person who initiates the new round.'" *Weis*, 879 F.3d at 768, quoting *Certco*, 722 F.3d at 1100.

But presumptions can be overcome. An escape hatch is available where the losing party can show that its position was "substantially justified." *Weis*, 879 F.3d at 768, quoting *Continental Can Co. v. Chi. Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund*, 921 F.2d 126, 127 (7th Cir. 1990). That standard has been described as "something more than non-frivolous, but something less than meritorious." *Jackman Fin. Corp. v. Humana Ins. Co.*, 641 F.3d 860, 866 (7th Cir. 2011). In the Equal Access to Justice Act context, the United States Supreme Court has interpreted "substantially justified" to mean "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). To the extent some cases mention considerations of good faith and a party "simply out to harass its opponent," those arguments are not raised in this case and I find no basis for a determination that Bulk acted in bad faith or

2

from a motive of harassment. *Kolbe & Kolbe Health & Welfare Benefit Plan v. Medical College of Wisconsin, Inc.*, 657 F.3d 496, 506 (7th Cir. 2011).

My immediate reaction to the question whether Bulk's position was substantially justified is: "Yes, it must have been, because I found the decision to be a close one." Although I wrote the opinion so as to support my conclusion as forcefully as I could, I struggled with the decision. The parties largely agreed on the facts and the case posed a question of law. [DE 38 at 1.] The LISCO work was not covered by the CBA that the parties applied, but Bulk behaved as if it did. [*Id.* at 7.] There was no case law precisely on point with the facts and circumstances of this case to answer the question whether Bulk, by its conduct, adopted the CBA that supported the withdrawal liability assessment. Although I found that this adoption theory supported the Arbitrator's decision, Bulk made a reasonable argument to the contrary based on a variety of caselaw references that could have supported the opposite result.

This includes cases finding that side agreements between employers and unions cannot, in some circumstances, later be deemed to have altered the terms of an applicable writing. [DE 38 at 17.] Bulk also reasonably relied on cases holding that only the terms of written agreements can determine an employer's contribution liability. [DE 38 at 18-19.] In short, each side presented reasonable legal arguments in its favor. There was "no clear winner or loser." *Trustmark Life Ins. Co. v. University of Chicago Hospitals*, 207 F.3d 876, 885 (7th Cir. 2000). There were "decent arguments on each side." *Central States, etc. v. Sherwin-Williams Company*, 71 F.3d 1338, 1343 (7th Cir. 1995).

3

Because Bulk offered a "non-frivolous...argument supporting its position" and "both sides offered legitimate interpretations" of the legal issue, I conclude that Bulk's position was substantially justified and that an award of attorney's fees to the Teamsters is unwarranted. *Weis* at 768, 769.

## Award of Costs

The Teamsters' motion asks for an award of $703.27 in costs. Although §1451(e) references an award of "costs and expenses," the Teamsters cite only Fed.R.Civ.P. 54(d)(1) as the authority in support of the requested costs. [DE 40 at 9, 10.] No argument is made that "costs and expenses" under §1451(e) have a broader scope than "costs" as used in Rule 54(d). My research has disclosed no case considering that possibility. The Supreme Court has made clear that the Rule 54(d) concept of costs is the same as, and limited to, the taxable costs enumerated in 28 U.S.C. §1920. *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 572-73 (2012).

Digging into the Teamsters' itemized record of counsel's time and expenses reveals that the five line-item expenses sought to be recovered are all for "Computer Research." [DE 40 at 10; DE 40-1 at 2-5.] Under Seventh Circuit caselaw that is either unknown to or frequently ignored by counsel, that is not a taxable cost. "We made it clear in *Haroco, Inc. v. Am. Nat'l Bank & Trust Co.*, 38 F.3d 1429, 1440 (7th Cir. 1994) that computerized research costs are not recoverable under 28 U.S. §1920, as they are not specifically enumerated in the statute[.]" *Craftwood II, Inc. v. Generac Power Systems, Inc.*, ___ F.4th ___, 2023 WL 2704041, at *6 (7th Cir. 2023). On that basis, the request for an

4

award of costs will be denied, even though Bulk offered no opposition in its response to the Teamsters' motion.

**ACCORDINGLY:**

Defendants' Motion for Attorney's Fees and Costs [DE 40] is DENIED.

**SO ORDERED**.

ENTERED:  April 20, 2023.

                                                  /s/ Philip P. Simon
                                                PHILIP P. SIMON, JUDGE
                                                UNITED STATES DISTRICT COURT